FILED
CLERK, U.S. DISTRICT COURT

JUL 1 4 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY PRINTS, LLC<br><br>Plaintiff,<br><br>v.<br><br>G STAGE LOVE.COM, INC., *et al.*,<br><br>Defendants. | Case No 2:15-cv-08752-SJO-E<br>*Honorable S. James Otero Presiding*<br>*Referred to Hon. Charles F. Eick*<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

On stipulation of the Parties, the Court enters a Protective Order in this matter as follows:

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.   Accordingly, the parties have stipulated to and petitioned this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information. The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

1.1   Good Cause Statement: This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial and/or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, confidential business or financial information, information regarding purchase and sale prices of fabric or garments by suppliers, manufacturers, importers, distributors or fashion retailers, information regarding business practices, information regarding the creation, purchase or sale of graphics used on textiles and garments, or other confidential commercial information (including information implicating privacy rights of third parties), information generally

**2**

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   unavailable to the public, or which may be privileged or otherwise protected from
2   disclosure under state of federal rules, court rules, case decisions, or common law.
3   Accordingly, to expedite the flow of information, to facilitate the prompt resolution
4   of disputes over confidentiality of discovery materials, to adequately protect
5   information the parties are entitled to keep confidential, to ensure that the parties
6   are permitted reasonable necessary uses of such material in preparation for and in
7   the conduct of trial, to address their handling at the end of the litigation, and serve
8   the ends of justice, a protective order for such information is justified in this matter.
9   It is the intent of the parties that information will not be designated as confidential
10   for tactical reasons and that nothing be so designated without a good faith belief
11   that it has been maintained in a confidential, non-public manner, and there is good
12   cause why it should not be part of the public record of this case.

13       2.   <u>DEFINITIONS</u>

14       2.1   <u>Party</u>: any party to this action, including all of its officers,
15   directors, employees, consultants, retained experts, and outside counsel (and their
16   support staff).

17       2.2   <u>Disclosure or Discovery Material</u>:   all items or information,
18   regardless of the medium or manner generated, stored, or maintained (including,
19   among other things, testimony, transcripts, or tangible things), that are produced or
20   generated in disclosures or responses to discovery in this matter.

21       2.3   <u>"Confidential" Information or Items</u>: All information in
22   whatever form, such as oral, written, documentary, tangible, intangible, electronic,
23   or digitized now or hereafter in existence that:

24       a) derives independent economic value, actual or potential, from
25   not being generally known to, and not being readily ascertainable by proper means,
26   by other persons who can obtain economic value from its disclosure or use;

27       b) is the subject of efforts that are reasonable under the
28   circumstances to maintain its secrecy; and

3

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1        c) is otherwise regarded by a party as being confidential, private, or proprietary in nature.

3        2.4   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

5        2.5   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

7        2.6   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

10        2.7   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

12        2.8   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.

21        2.10   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

2   testimony, conversations, or presentations by parties or counsel to or in litigation or

3   in other settings that might reveal Protected Material.

4

5      **4.    DURATION**

6      Even after the termination of this action, the confidentiality obligations

7   imposed by this Order shall remain in effect until a Designating Party agrees

8   otherwise in writing or a court order otherwise directs.

9

10      **5.    DESIGNATING PROTECTED MATERIAL**

11      5.1    <u>Exercise of Restraint and Care in Designating Material for</u>

12  <u>Protection</u>.  Each Party or non-party that designates information or items for

13  protection under this Order must take care to limit any such designation to specific

14  material that qualifies under the appropriate standards. A Designating Party must

15  take care to designate for protection only those parts of material, documents, items,

16  or oral or written communications that qualify – so that other portions of the

17  material, documents, items, or communications for which protection is not

18  warranted are not swept unjustifiably within the ambit of this Order.

19      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise

20  provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as

21  otherwise stipulated or ordered, material that qualifies for protection under this

22  Order must be clearly so designated before the material is disclosed or produced.

23      Designation in conformity with this Order requires:

24      (a) for information in documentary form (e.g., paper or electronic

25  documents, but excluding transcripts of depositions or other pretrial or trial

26  proceedings), that the Producing Party affix at a minimum, the legend

27  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

28  contains protected material. If only a portion or portions of the material on a page

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   qualifies for protection, the Producing Party also must clearly identify the protected
2   portion(s) (e.g., by making appropriate markings in the margins).

3         A Party or Non-Party that makes original documents available for
4   inspection need not designate them for protection until after the inspecting Party
5   has indicated which documents it would like copied and produced. During the
6   inspection and before the designation, all of the material made available for
7   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
8   identified the documents it wants copied and produced, the Producing Party must
9   determine which documents, or portions thereof, qualify for protection under this
10   Order. Then, before producing the specified documents, the Producing Party must
11   affix the "CONFIDENTIAL legend" to each page that contains Protected Material.
12   If only a portion or portions of the material on a page qualifies for protection, the
13   Producing Party also must clearly identify the protected portion(s) (e.g., by making
14   appropriate markings in the margins).

15         (b) for testimony given in depositions that the Designating Party
16   identify the Disclosure or Discovery Material on the record, before the close of the
17   deposition all protected testimony.

18         (c) for information produced in some form other than documentary
19   and for any other tangible items, that the Producing Party affix in a prominent place
20   on the exterior of the container or containers in which the information is stored the
21   legend "CONFIDENTIAL." If only a portion or portions of the information
22   warrants protection, the Producing Party, to the extent practicable, shall identify the
23   protected portion(s).

24         5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an
25   inadvertent   failure   to   designate   qualified   information   or   items   as
26   "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right
27   to secure protection under this Order for such material. If material is appropriately
28   designated as "CONFIDENTIAL" after the material was initially produced, the

1  Receiving Party, on timely notification of the designation, must make reasonable
2  efforts to assure that the material is treated in accordance with the provisions of this
3  Order.

4        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5            6.1   Timing of Challenges.  Unless a prompt challenge to a
6  Designating Party's confidentiality designation is necessary to avoid foreseeable
7  substantial unfairness, unnecessary economic burdens, or a later significant
8  disruption or delay of the litigation, a Party does not waive its right to challenge a
9  confidentiality designation by electing not to mount a challenge promptly after the
10  original designation is disclosed.

11            6.2   Meet and Confer.  A Party that elects to initiate a challenge to a
12  Designating Party's confidentiality designation must do so in good faith and must
13  begin the process by conferring with counsel for the Designating Party in writing.
14  In conferring, the challenging Party must explain the basis for its belief that the
15  confidentiality designation was not proper and must give the Designating Party an
16  opportunity to review the designated material, to reconsider the circumstances, and,
17  if no change in designation is offered, to explain the basis for the chosen
18  designation.  A challenging Party may proceed to the next stage of the challenge
19  process only if it has engaged in this meet-and-confer process first.

20            6.3   Court Intervention.  A Party that elects to press a challenge to a
21  confidentiality designation after considering the justification offered by the
22  Designating Party may file and serve a motion that identifies the challenged
23  material and sets forth in detail the basis for the challenge. Each such motion must
24  be accompanied by a competent declaration that affirms that the movant has
25  complied with the meet-and-confer requirements imposed in the preceding
26  paragraph and that sets forth with specificity the justification for the confidentiality
27  designation that was given by the Designating Party in the meet-and-confer
28  dialogue.  The parties agree that a confidentiality designation shall not create a

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   presumption in favor of such confidentiality designation, and that the Court shall

2   decide the issue as such.

3        Until the Court rules on the challenge, all parties shall continue to

4   afford the material in question the level of protection to which it is entitled under

5   the Producing Party's designation.

6

7       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

8       7.1   Basic Principles.  A Receiving Party may use Protected

9   Material that is disclosed or produced by another Party or by a non-party in

10  connection with this case only for prosecuting, defending, or attempting to settle

11  this litigation. Such Protected Material may be disclosed only to the categories of

12  persons and under the conditions described in this Order.  When the litigation has

13  been terminated, a Receiving Party must comply with the provisions of section 11

14  below (FINAL DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving

16  Party at a location and in a secure manner that ensures that access is limited to the

17  persons authorized under this Order.

18      7.2   Disclosure of "CONFIDENTIAL" Information or Items.

19  Unless otherwise ordered by the Court or permitted in writing by the Designating

20  Party, a Receiving Party may disclose any information or item designated

21  "CONFIDENTIAL" only to:

22      (a)   the Receiving Party's outside counsel, as well as

23  employees of said outside counsel to whom it is reasonably necessary to disclose

24  the information for this litigation;

25      (b)   Principals, members, officers and directors of the

26  Receiving Party;

27      (c)   Other employees of the Receiving Party to whom

28  disclosure is reasonably necessary for this litigation and who are bound by internal

1  confidentiality obligations as part of their employment or who have signed the

2  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3  (d)  Experts (as defined in this Order) of the Receiving Party

4  to whom disclosure is reasonably necessary for this litigation and who have signed

5  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6  (e)  the Court personnel assigned to this litigation;

7  (f)  court reporters, their staffs, and professional vendors to

8  whom disclosure is reasonably necessary for this litigation and who have signed

9  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10  (g)  during their depositions, witnesses in the action to whom

11  disclosure is reasonably necessary and who have signed the "Acknowledgment and

12  Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony

13  or exhibits to depositions that reveal Protected Material must be separately bound

14  by the court reporter and may not be disclosed to anyone except as permitted under

15  this Stipulated Protective Order; and

16  (h)  the author of the document or the original source of the

17  information.

18

19  8.  PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED

20     PRODUCED IN OTHER LITIGATION

21  If a Receiving Party is served with a subpoena or an order issued in other

22  litigation that would compel disclosure of any Discovery Material, the Receiving

23  Party must so notify the Designating Party, in writing immediately and in no event

24  more than five business days after receiving the subpoena or order.  Such

25  notification must include a copy of the subpoena or court order.  The Receiving

26  Party also must immediately inform in writing the Party who caused the subpoena

27  or order to issue in the other litigation that some or all of the material covered by

28  the subpoena or order is the subject of this Protective Order.  In addition, the

1 | Receiving Party must deliver a copy of this Stipulated Protective Order promptly to
2 | the Party in the other action that caused the subpoena or order to issue.

3 |     The purpose of imposing these duties is to alert the interested parties to the
4 | existence of this Protective Order and to afford the Designating Party in this case
5 | an opportunity to try to protect its confidentiality interests in the court from which
6 | the subpoena or order issued.

8 | ## 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9 |     If a Receiving Party learns that, by inadvertence or otherwise, it has
10 | disclosed Protected Material to any person or in any circumstance not authorized
11 | under this Stipulated Protective Order, the Receiving Party must immediately (a)
12 | notify in writing the Designating Party of the unauthorized disclosures, (b) use its
13 | best efforts to retrieve all copies of the Protected Material, (c) inform the person or
14 | persons to whom unauthorized disclosures were made of all the terms of this Order,
15 | and (d) request such person or persons to execute the "Acknowledgment and
16 | Agreement to Be Bound" that is attached hereto as Exhibit A.

18 | ## 10.   FILING PROTECTED MATERIAL

19 |     A Party that seeks to file under seal any Protected Material must comply
20 | with Civil Local Rule 79-5. Protected Material may only be filed under seal
21 | pursuant to a court order authorizing the sealing of the specific Protected Material
22 | at issue. If a Party's request to file Protected Material under seal is denied by the
23 | court, then the Receiving Party may file the information in the public record unless
24 | otherwise instructed by the court.

26 | ## 11.   FINAL DISPOSITION

27 |     Unless otherwise ordered or agreed to in writing by the Producing Party,
28 | within 60 days after the final termination of this action, each Receiving Party must

1   return all Protected Material to the Producing Party or destroy the Protected

2   Material. As used in this subdivision, "all Protected Material" includes all copies,

3   abstracts, compilations, summaries or any other form of reproducing or capturing

4   any of the Protected Material. Notwithstanding this provision, counsel are entitled

5   to retain an archival copy of all pleadings, motion papers, transcripts, legal

6   memoranda, correspondence or attorney work product, even if such materials

7   contain Protected Material. Any such archival copies that contain or constitute

8   Protected Material remain subject to this Protective Order as set forth in Section 4

9   (DURATION), above.

10

11       12.    <u>MISCELLANEOUS</u>

12           12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right

13   of any person to seek its modification in the future.

14           12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

15   this Protective Order no Party waives any right it otherwise would have to object to

16   disclosing or producing any information or item on any ground not addressed in

17   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

18   any ground to use in evidence of any of the material covered by this Protective

19   Order.

20           12.3   <u>Inadvertent Production of Privileged Documents</u>.  If a Party,

21   through inadvertence, produces any document or information that it believes is

22   immune from discovery pursuant to an attorney-client privilege, the work product

23   privilege, or any other privilege, such production shall not be deemed a waiver of

24   any privilege, and the Producing Party may give written notice to the Receiving

25   Party that the document or information produced is deemed privileged and that

26   return of the document or information is requested.  Upon receipt of such notice,

27   the Receiving Party shall immediately gather the original and all copies of the

28   document or information of which the Receiving Party is aware, in addition to any

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    abstracts, summaries, or descriptions thereof, and shall immediately return the

2    original and all such copies to the Producing Party. Nothing stated herein shall

3    preclude a Party from challenging an assertion by the other Party of privilege or

4    confidentiality.

5

6    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

7

8    Dated: _7/14/16_        By: _____

9                             Honorable Charles F. Eick

10                          United States ~~District Court~~

                            Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3   I, _____ [print full

4   name], of _____ [print

5   full address], declare under penalty of perjury that I have read in its entirety and

6   understand the Stipulated Protective Order that was issued by the United States

7   District Court for the Central District of California in the case of *City Prints, LLC*

8   *v. G Stage Love.com, Inc., et al.* Case No. 2:15-cv-08752-SJO-E. I agree to comply

9   with and to be bound by all of the terms of this Stipulated Protective Order and I

10   understand and acknowledge that failure to so comply could expose me to

11   sanctions and punishment in the nature of contempt. I solemnly promise that I will

12   not disclose in any manner any information or item that is subject to this Stipulated

13   Protective Order to any person or entity except in strict compliance with the

14   provisions of this Order.

15       I further agree to submit to the jurisdiction of the United States District

16   Court for the Central District of California for the purpose of enforcing the terms of

17   this Stipulated Protective Order, even if such enforcement proceedings occur after

18   termination of this action.

19       I hereby appoint _____ [print full

20   name] of _____ [print full

21   address and telephone number] as my California agent for service of process in

22   connection with this action or any proceedings related to enforcement of this

23   Stipulated Protective Order.

24

25   Date: _____

26   City and State where sworn and signed: _____

27   Printed name: _____

28   Signature: _____

**13**

**[PROPOSED] STIPULATED PROTECTIVE ORDER**